1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11
IMPRIMIS INTERNATIONAL, INC.,
12
          Plaintiff,
13
      v.                          NO. CIV. S-04-1297 FCD DAD
14
                                  MEMORANDUM AND ORDER
15
ROBERT B. FRAIDENBURGH,
16
          Defendants.
17
18 _____/

19                         ----oo0oo----

20      This matter is before the court on defendant Robert B.

21 Fraidenburgh's ("Fraidenburgh") motion to amend the pretrial

22 scheduling order and defendant's answer.  Plaintiff Imprimis

23 International, Inc. ("Imprimis") opposes the motion.  For the

24 reasons set forth below,[1] defendant's motion is GRANTED.

25 /////

26 _____

27      [1]   Because oral argument will not be of material
assistance, the court orders the matter submitted on the briefs.
28 E.D. Cal. L. R. 78-230(h).

                              1

**BACKGROUND**

This case arises out of a contingency fee agreement between plaintiff Imprimis and defendant Fraidenburgh, wherein Imprimis would be paid with federal funds for assisting Fraidenburgh in obtaining federal funds for the development of a material that would be used in naval defense systems. (Decl. of Shawn M. Krogh in Supp. of Mot. to Amend ("Krogh Decl."), filed Dec. 12, 2005, ¶ 4). Plaintiff filed suit for breach of contract in the United States District Court for the Eastern District of Virginia. (<u>Id.</u> ¶ 7). On defendant's motion, the case was transferred to this court. (<u>Id.</u> ¶ 10).

On November 30, 2004, a pretrial scheduling order was entered in this court. The scheduling order provides that "[n]o further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (Pretrial Scheduling Order, Nov. 30, 2004, Docket No. 11 (citing Rule 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992)). Throughout the course of litigation, the parties stipulated to modify the pre-trial scheduling order twice. (<u>Id.</u> ¶ 16). As a result of the modifications, the discovery deadline was October 31, 2005. (<u>Id.</u>)

On October 31, 2005, defendant deposed Ben Hord ("Hord"), the principal owner of Imprimis. (<u>Id.</u> ¶ 17). During the deposition, defendant discovered that Imprimis changed its theory for recovering under the agreement and that facts disclosed by Hord implicated additional available defenses. (<u>Id.</u> ¶ 18). Specifically, defendant states that he learned that Imprimis and Fraidenburgh modified the contract during the contractual

2

relationship and that Imprimis knew that the funds to be paid to it were to be paid out of federal funds received by defendant. (<u>Id.</u>)  Defendant states that none of this information was divulged prior to the deposition of Hord.  (<u>Id.</u> ¶ 19).

As a result of the information learned in the deposition, defendant sought to amend his answer to conform to the newly discovered evidence and theories and to add affirmative defenses. (<u>Id.</u> ¶ 20).  On November 17, 2005, defendant requested that Imprimis stipulate to defendant's filing of an Amended Answer. (<u>Id.</u> ¶ 22).  On December 5, 2005, defendant received a facsimile from plaintiff indicating that it would not stipulate to the filing.  (<u>Id.</u> ¶ 23).

On December 12, 2005, defendant filed a motion to amend the pretrial scheduling order.  Specifically, defendant seeks to include affirmative defenses such as "unclean hands," "illegal contractual penalty provision," "recission by mutual consent," and "lack of consideration."  (<u>Id.</u> 20).

## STANDARD

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings.  <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).  Orders entered before the final pretrial conference may be modified only "upon a showing of good cause."  Fed. R. Civ. P. 16(b).  The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.  The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."  <u>Mammoth</u>

1  Recreations, 975 F.2d at 609.

2      When evaluating whether a party was diligent, the Ninth
3  Circuit has determined that "the focus of the inquiry is upon the
4  moving party's reasons for modification.  If that party was not
5  diligent, the inquiry should end." Id. at 610; see also
6  Gestetner, 108 F.R.D. at 141.  When the proposed modification is
7  an amendment to the pleadings, the moving party may establish
8  good cause by showing "(1) that [he or she] was diligent in
9  assisting the court in creating a workable Rule 16 order; (2)
10  that [his or her] noncompliance with a rule 16 deadline occurred
11  or will occur, notwithstanding [his or her] diligent efforts to
12  comply, because of the development of matters which could not
13  have been reasonably foreseen or anticipated at the time of the
14  Rule 16 scheduling conference; and (3) that [he or she] was
15  diligent in seeking amendment of the Rule 16 order, once it
16  became apparent that [he or she] could not comply with the
17  order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.
18  Cal. 1999)(citations omitted).

19      Only after the moving party has demonstrated diligence under
20  Rule 16 does the court apply the standard under Rule 15 to
21  determine whether the amendment was proper. See Mammoth
22  Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp.
23  at 1232 n.3.  Pursuant to Rule 15(a), "leave [to amend] is to be
24  freely given when justice so requires."  "[L]eave to amend should
25  be granted unless amendment would cause prejudice to the opposing
26  party, is sought in bad faith, is futile, or creates undue
27  delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir.
28  1997).

**ANALYSIS**

Defendant has demonstrated good cause for amending the pretrial scheduling order to file an amended answer.  Defendant presents evidence that he worked with plaintiff's counsel throughout the course of litigation in preparing joint status reports and stipulating to extend discovery deadlines.  (Krogh Decl. ¶¶ 12, 16; Supplemental Decl. of Shawn M. Krogh in Supp. of Mot. to Amend ("Suppl. Krogh Decl."), filed Jan. 19, 2005, ¶ 7).  Plaintiff does not dispute that defendant was diligent in assisting the court in creating a workable Rule 16 order.

Further, defendant has demonstrated that he seeks amendment based upon the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference.  Defendant asserts that he was not aware of the change in plaintiff's theory of the case or of facts giving rise to additional affirmative defenses until the deposition of Hord on October 31, 2005.  Plaintiff disputes this assertion and states that Hord produced no new information during the deposition that was not available through discovery or through plaintiff's deposition.  (Pl.'s Opp'n to Def.'s Mot. to Amend, filed Jan. 13, 2006, ¶ 4).  However, plaintiff has proffered no specific evidence to support this blanket assertion.

Finally, defendant has shown diligence in filing his motion to amend the pretrial scheduling order.  Within three weeks of Hord's deposition, defendant submitted an amended answer to plaintiff and sought a stipulation in this matter.  A week after plaintiff refused to stipulate, defendant filed this motion to amend the complaint.

5

1    Plaintiff contends that defendant should not be allowed to
2  amend his answer because he has proceeded in bad faith.[2]  In
3  support of this argument, plaintiff points generally to
4  defendant's deposition and defendant's failure to answer
5  questions.  However, even if defendant's deposition reflects a
6  failure to answer questions,[3] this does not demonstrate
7  defendant's bad faith in bringing this motion to amend his
8  answer.  Rather, defendant presents evidence that he brings the
9  motion to conform his answer to newly discovered evidence and
10 theories.  (Krogh Decl. ¶ 19).  Therefore, because there is no
11 indication of defendant's bad faith in bringing this motion to
12 amend, leave to amend is GRANTED.

13                            **CONCLUSION**

14     For the reasons stated herein, defendant's motion to amend
15 the pretrial scheduling order and his answer is GRANTED.
16 Defendant is granted fifteen (15) days from the date of this
17 order to file an amended answer in accordance with this order.

18     IT IS SO ORDERED.

19 DATED: January 27, 2006.

20                          /s/Frank C. Damrell, Jr.
                            FRANK C. DAMRELL, Jr.
21                          UNITED STATES DISTRICT JUDGE

22

23

24

25 ─────────────────────

26     [2]    Plaintiff does not contend that allowing the defendant
   to amend his answer would prejudice the plaintiff or cause undue
27 delay.

28     [3]    A summary review of plaintiff's deposition however does
   not reveal a bad faith failure to respond to questions.